**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ALI KHABEER                                                          PLAINTIFF

v.                                    4:21-cv-00876-JM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                      DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James

M. Moody, Jr.   The parties may file specific objections to these findings and recommendations

and must provide the factual or legal basis for each objection.   The objections must be filed with

the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A

copy must be served on the opposing party.   The district judge, even in the absence of objections,

may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Ali Khabeer, has appealed the final decision of the Commissioner of the Social

Security Administration to deny his claim for supplemental security income.   Both parties have

submitted briefs and the case is ready for a decision.

Plaintiff was previously found to be disabled under the Social Security Act on April 1,

2001, with the most recent favorable decision finding he continued to be disabled on July 14, 2005

- the comparison point decision (CPD).   (Tr. 12.)   The Commissioner determined Plaintiff met

Listing 12.03AB based on his schizophrenia and found him disabled.  (Tr. 16.)  However, upon a disability review, the Commissioner determined he was no longer disabled as of April 7, 2017, because he had medically improved and did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (*Id*.)

To determine whether a claimant's disability continues, the Commissioner uses an eight-step evaluation process. *See* 20 C.F.R. § 416.994a(b). At the first step, the ALJ found Plaintiff had not been engaged in substantial gainful activity.  (Tr. 16.)   Next, the ALJ found that, since April 7, 2017, Plaintiff had severe impairments in the form of depression, history of schizophrenia, bipolar disorder severe, with psychotic symptoms, and post-traumatic stress disorder.  (*Id.*)   The ALJ determined Plaintiff did not have an impairment that met or medically equaled any Listings since April 7, 2017. (*Id.*)   The ALJ next found that medical improvement occurred on April 7, 2017, and the medical improvement was related to his ability to work since he no longer met or medically equaled Listing 12.03AB. (Tr. 19.)   Then the ALJ determined that, despite Plaintiff's current "severe" impairments, he could perform a full range of work at all exertional levels but with some mental limitations. (Tr. 20.) The ALJ determined Plaintiff did not have any past relevant work, (Tr. 24), so, at the final step, the ALJ determined - based in part on testimony from the vocational expert – that Plaintiff could perform other jobs that existed in significant numbers in the national economy, such as automobile detailer, stocker and hand packager.  (Tr. 25.) Accordingly, the ALJ found that Plaintiff's disability ended April 7, 2017, and he had not become disabled since that date. (*Id.*)

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional evidence and then denied Plaintiff's request for review, making the ALJ's decision final decision of the Commissioner.   (Tr. 1-5). Plaintiff initiated the instant Complaint challenging the decision of the Commissioner.   (Doc. No. 1.)

In support of his Complaint, Plaintiff argues the ALJ erred in not finding he met Listings 12.03,12.04 and 12.15 and, for a number of reasons, his decision is not supported by substantial evidence. (Doc. No. 6 at 5-13.)   With regard to the Listed impairments, Plaintiff says, "The ALJ erred in his failure to consider reasonable and objective medical documentation of his Schizophrenia as set forth in Paragraph A and Paragraph B of the 12.04 and his Post Traumatic Stress Disorder set forth in Paragraph A and Paragraph B of 12.15. The ALJ failed to exercise his duty to consider all of Plaintiff's conditions in relationship to how they cumulatively affected his ability to function."   (*Id.* at 8.)   The ALJ largely focused on the "paragraph B" criteria of the listings and explained:

> In making this finding, the undersigned has considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in extreme limitation of one, or marked limitation of two, of the four areas of mental functioning. The four areas of mental functioning are: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. An extreme limitation is an inability to function in the area independently, appropriately, effectively, and on a sustained basis. A marked limitation is a seriously limited ability to function in the area independently, appropriately, effectively, and on a sustained basis.

(Tr. 17.)

In the four functional areas outlined in 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.03(B), 12.04(B), 12.15(B), the ALJ found *mild* limitation with regard to understanding, remembering, or applying information; *moderate* limitation with interacting with others; *moderate* limitation with concentrating, persisting, or maintaining pace; and *mild* limitation with adapting or managing oneself.   Accordingly, the ALJ concluded, "the claimant does not meet any of the current listings

3

for 12.03, 12.04, or 12.15, as the claimant does not have at least one extreme limitation or at least two marked limitations in the four domains of mental functioning."   (Tr. 18.)

After careful review, I find the ALJ's assessment of the Listings is supported by substantial evidence.   First focusing on those functional areas where the ALJ found only mild limitation such as understanding, remembering, or applying information, he correctly concluded ". . . he is able to drive, manage his finances, and go grocery shopping [ ]. Moreover, the claimant's examiners indicated that he was alert and oriented, with normal thought content and process, adequate recent and remote memory, average intelligence, and goal directed."   (Tr. 17, 326-333, 469, 474, 476, 481, 507, 564, 588, 590, 591-595, 598.)   For adapting or managing oneself, the ALJ correctly noted that Plaintiff could prepare his own meals, perform household chores, and manage his own finances.   (Tr. 18, 327-28, 600-601.)   These findings are supported by the overall evidence of record.

For those functional areas with moderate limitation, the ALJ's assessments are also supported by substantial evidence.   With regard to interacting with others, the ALJ fairly assessed that Plaintiff had the ability to shop, spend time with others, get along with others, drive, and go outside daily.   (Tr. 17, 326-333.)   He also noted Plaintiff's testimony about taking his son to school and participating in his school activities.   And importantly, the ALJ correctly stated that treatment notes showed Mr. Khabeer was generally "pleasant, had good eye contact, was friendly, attentive, and cooperative."   (Tr. 17, 469, 476, 588, 591, 594, 595). For concentrating, persisting, or maintaining pace, the ALJ likewise correctly noted Plaintiff's ability to drive, manage his finances, attend school functions, engage in activities with his son, and understand and appropriately participate with his hearing.   (Tr. 17-18, 77, 95, 96).   Accordingly, the ALJ could conclude that Plaintiff did not have an impairment that met or medically equaled any Listings since April 7, 2017.

4

I also find Plaintiff's second argument - that the ALJ's decision is not supported by substantial evidence – to be without merit.   (Doc. No. 6 at 8-13.)   I make this finding based on the same evidence recited above.   While undoubtedly Plaintiff has some limitations because of his mental illness, I find the ALJ's residual functional capacity assessment to be fairly supported by the objective medical evidence.   The ALJ found Plaintiff could perform ". . . work, which is simple, routine, and repetitive; with supervision, which is simple, direct, and concrete; and he can maintain occasional contact with coworkers and supervisors, and no contact with the public."   (Tr. 20.)   As cited above, Plaintiff has shown the ability to perform work related activities with these limitations.   The ALJ recognized in his opinion that Plaintiff has been hospitalized, but the evidence reveals Mr. Khabeer is much improved when he is complying with his medication management.   (*See e.g.* Tr. 462, 591, 600.)   Also compelling is the Mental Diagnostic Evaluation performed by Cynthia W. Dupuis, PhD.   (Tr. 596-602.)   For the reasons outlined in the ALJ's opinion, (Tr. 23), Dr. Dupuis' evaluation is strong evidence in support of the ALJ's conclusion that Plaintiff could perform the jobs of automobile detailer, stocker, and hand packager.   (Tr. 25, 600-601.)

Accordingly, I find the ALJ's decision is supported by substantial evidence.   While there is evidence in the record showing the significant complications from Mr. Khabeer's mental illness, it is not the task of a court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have carefully reviewed the entire record, including the briefs, the ALJ's decision, the

5

transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

Counsel for both sides have done exemplary work on behalf of their respective clients.   I am sympathetic to Plaintiff's claims.   But the overall medical evidence provides substantial support for the ALJ's determination that his medical condition has improved, and he is no longer disabled.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 21st day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE